UNITED STATES COURT OF INTERNATIONAL TRADE

```
------------------------------------------------------------------- X
CYBER POWER SYSTEMS (USA) INC.              :
                                            :
        Plaintiff,                          :
                                            :
    v.                                      :      No. 21-cv-00203
                                            :
THE UNITED STATES,                          :
                                            :
        Defendant.                          :
------------------------------------------------------------------- X
```

## COMPLAINT

Plaintiff Cyber Power Systems (USA) Inc. ("Cyber Power") by and through undersigned counsel for its Complaint against Defendant, the United States (the "Government"), does hereby state and allege as follows:

## CAUSE OF ACTION

1. Plaintiff Cyber Power brings this action to contest the denial of its 19 U.S.C. § 1514 protest against the classification, in liquidation, and assessment of duty on, certain entries of electric wall plugs containing surge voltage protectors.

## JURISDICTION

2. All liquidated duties, taxes, and fees were paid prior to the commencement of this action. The action is timely filed within 180 days from the date of protest denial. This Court has jurisdiction over the action pursuant to 28 U.S.C. §1581(a).

## PARTIES

3. Plaintiff Cyber Power is the importer of record of the merchandise which is the subject of this action, and is the real party in interest.

4. Defendant is the Federal defendant and is sued for actions taken by its agency United States Customs and Border Protection ("Customs" or "CBP"), a component of the Department of Homeland Security (DHS).

## STATEMENT OF FACTS

5. At various dates, as reflected on the Summons in this action, plaintiff imported at the Port of Minneapolis, Minnesota, the subject merchandise under the cover of various consumption entries.

6. The subject merchandise are various models of wall plugs, including model numbers CSP600WSCURC2, NX54320, NX54321, NX54322, CSP100R, P600WU, CSB100W. The subject merchandise is a wall-mounted receptacle featuring six (6) NEMA 5-15R plugs and two (2) USB charging ports. It incorporates a metal oxide varistor (MOV) which provides surge voltage protection. It is designed for a voltage not exceeding 1000V.

7. Customs liquidated entries of the subject merchandise under subheading 8537.10.9170, HTSUS, which provides for the following:

| Heading/ Subheading | Article Description |
|---|---|
| 8537 | Boards, panels, consoles, desks, cabinets and other bases, equipped with two or more apparatus of heading 8535 or 8536, for electric control or the distribution of electricity, including those incorporating instruments or apparatus of chapter 90, and numerical control apparatus, other than switching apparatus of heading 8517: |
| *          *          * | |
| 8537.10 | For a voltage not exceeding 1,000 V |
| *          *          * | |
| 8537.10.91 | Other |
| 8537.10.9170 | Other |

8. The subject merchandise is properly classified under subheading 8536.69.80, HTSUS, which provides for:

| Heading/ Subheading | Article Description |
|---|---|
| 8536 | Electrical apparatus for switching or protecting electrical circuits, or for making connections to or in electrical circuits (for example, switches, relays, fuses, surge suppressors, plugs, sockets, lamp-holders and other connectors, junction boxes), for a voltage not exceeding 1,000 V; connectors for optical fibers, optical fiber bundles or cables: |
| *       *       * | |
| 8536.69 | Other |
| *       *       * | |
| 8536.69.8000 | Other |

9. Heading 8536, HTSUS covers individual discrete items, while a device which features two or more of the apparatus specified in Heading 8536 are classified in heading 8537, HTSUS. Such a device must contain two or more of the items provided for in heading 8536, HTSUS to be classified in heading 8537, HTSUS.

10. Circuit breakers are classified under subheading 8536.20., HTSUS. *See, e.g*., New York Customs Ruling L82402 of February 24, 2005; New York Customs Ruling L82403 of February 24, 2005. This, if one combined a plug or socket with a circuit breaker in a single product, that product would be excluded from classification under Heading 8536, HTSUS and would be classified in Heading 8537, HTSUS.

11. However, in this case, the surge suppression function is not performed by a circuit breaker, but rather by a metal oxide varistor (MOVs). MOVs, while performing a function similar to circuit breakers, are not classified as such. Customs has classified MOVs under subheading 8533, HTSUS. *See, e.g.,* Customs Headquarters Ruling 081728 of April 26, 1988. Similarly, zinc oxide varistors have been classified under heading 8533.40. HTSUS. *See* Customs Headquarters Ruling 084651 of August 2, 1989. The combination of MOVs with a plug or socket does not take the product out of classification in heading 8536, HTSUS.

12. In Customs Headquarters Ruling 950286 of September 11, 1992, Customs considered the classification of an article comprised of a thermo relay switch (heading 8536, HTSUS), a photocell (heading 8541), and an MOV (heading 8533), the latter being described as a lighting arrestor to prevent damage after a voltage surge. As the product did not contain two or more components of heading 8535, HTSUS or Heading 8536, HTSSUS, classification under heading 8537, HTSUS was precluded.

13. Customs treated the product as a "composite good" which, pursuant to General Rule of Interpretation 3(b), was to be classified according to the component which imparted its "essential character." Customs held that the essential character was imparted by the thermo relay switch and classified the product under heading 8536.

14. There have been a number of other decisions in which the presence of an MOV did not remove a product from the scope of heading 8536, HTSUS. *See, e.g.,* Customs Headquarters Ruling 965737 of August 14, 2002 (dark-light photo control switch containing MOV). *See also* New York Customs Ruling N270845 of December 17, 2015 (switch with plug-in MOV replacement element classified under heading 8536).

15. Thus, the instant product is not classifiable in heading 8537, HTSUS. In all cases, the function of an MOV (to break a connection) would be subordinate to the function of a socket (to make a connection).

16. The Subject Merchandise, whether classifiable under either subheading is ordinarily subject to a 2.7% ad valorem rate of duty. However, at times relevant to this action, certain goods so classified were subject to a retaliatory duty imposed pursuant to Section 301 of the Trade Act of 1974.

17. Cyber Power paid Section 301 duties on the entries of the Subject Merchandise, pursuant to subheading 9903.88.03, HTSUS.

18. List 3 goods subject to Section 301 tariffs entered between September 24, 2018 and May 9, 2019 are dutiable at 10% ad valorem. List 3 goods entered after May 10, 2019 are dutiable at 25% ad valorem, in addition to the regular duties.

19. The U.S. Trade Representative ("USTR") enacted exclusions under Chapter 99, HTSUS, including exclusions for certain goods, that meet the following language:

> Floor-mounted receptacles conforming to types 1-15R, 5-15R or 5-20R of the National Electrical Manufacturers Association (NEMA) (described in statistical reporting number 8536.69.8000)

*See* U.S. Note 20(qq)(79) to Chapter 99 and; Subheading 9903.88.38, HTSUS, U.S. Note 20(iii)(201), Subheading 9903.88.56, HTSUS.

20. The subject merchandise meets requirements if the USTR exclusions. The subject merchandise is wall-mounted. It contains sockets conforming to NEMA Type 5-15R. It is designed for operating at a voltage not to exceed 1000V and it incorporates USB ports.

21. CBP liquidated the subject entries under subheading 8537.10.9170, HTSUS, without application of any USTR Section 301 exclusion.

22. Cyber Power timely protested the classification in liquidation of the entries on September 9, 2020.

23. On February 9, 2021, CBP denied Plaintiff's protest, stating that insufficient information was provided to justify the claim. *See* Protest and Entries from the Port of Minneapolis, MN, ECF 9-1 at p. 2.

## COUNT I

24. Paragraphs 1 through 23 are incorporated by reference and restated as though fully set out herein.

25. The Subject Merchandise— various models of wall plugs—in their condition as imported are classifiable under subheading 8536.69.8000, HTSUS.

## COUNT II

26. Paragraphs 1 through 25 are incorporated by reference and restated as though fully set out herein.

27. The Subject Merchandise meets the requirements of the USTR Section 301 duty exclusions, in U.S. Note 20(qq)(79) to Chapter 99 and; Subheading 9903.88.38, HTSUS, U.S. Note 20(iii)(201), Subheading 9903.88.56, HTSUS.

28. The subject merchandise is wall-mounted. It contains sockets conforming to NEMA Type 5-15R. It is designed for operating at a voltage not to exceed 1000V and it incorporates USB ports.

29. CBP's denial of Plaintiff's protest was incorrect as a matter of law; accordingly, all excess duties, plus interest as required by law, should be refunded to Plaintiff.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court grant judgment in its favor, and request that this Court:

i. Direct the Port Director of Minneapolis to reliquidate the Subject Merchandise under subheading 8536.69.8000, HTSUS and under the Section 301 exclusions provided under subheadings 9903.88.38, HTSUS and 9903.88.56, HTSUS;

ii. Order that excess duties, plus interest as required by law, be refunded by Defendant to Plaintiff; and

iii. Provide such other and further relief as this Court may deem just.

Respectfully submitted,

/s/ John M. Peterson
John M. Peterson
Richard F. O'Neill
Patrick B. Klein
NEVILLE PETERSON LLP

*Counsel for Plaintiff*

One Exchange Plaza
55 Broadway, Suite 2602
New York, NY 10006
(212) 635-2730
jpeterson@npwny.com

April 28, 2025